| | |
|---|---|
| MEN OF STEEL REBAR FABRICATORS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COLLAVINO CORP., <br><br> Defendant. | Civil Action No. <br><br> 16-8826 (SDW) (LDW) <br><br><br> **REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is defendant Collavino Corp.'s motion to dismiss this action pursuant to the doctrine of *forum non conveniens*. (ECF No. 8). United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. The Court held oral argument on this motion on May 12, 2017. Having considered the parties' written submissions and oral argument, for the reasons set forth herein, and for good cause shown, this Court recommends that the motion be **DENIED**.

## I.    BACKGROUND

Plaintiff Men of Steel Rebar Fabricators, LLC is a rebar supplier and fabricator with its principal place of business in Pennsylvania and a sole member who resides in New Jersey. (Aff. of Robert Vogelbacher, ECF No. 16). Defendant is a construction company incorporated in Delaware and with its principal place of business in Michigan. (Compl., ECF No. 1, ¶ 2). Subject matter jurisdiction for the action is premised on diversity of citizenship, under 28 U.S.C. § 1332(a)(1). (ECF No. 1 ¶ 3).

Non-party Tishman Construction Corporation ("Tishman") hired Defendant to perform construction work on a new apartment complex in Fort Lee, New Jersey, called Hudson Lights. (ECF No. 1 ¶¶ 5–8). Defendant ordered a quantity of steel rebar for the project from Plaintiff at an agreed price of $176,698.25. (ECF No. 1 ¶¶ 9–10). The purchase order for the transaction, signed by representatives for both parties in March 2014, includes a choice of law and forum selection clause, reading as follows:

> This Purchase Order shall be construed and enforced in accordance with the laws of the State where the Goods are delivered. All actions concerning any dispute hereunder shall be filed and maintained only in a State or Federal Court sitting in the State where the Goods are delivered and the parties hereby submit to the jurisdiction of such State or Federal Court.[1]

(Compl., ECF No. 1, Ex. A., Collavino Corp. Purchase Order General Terms & Conditions, ¶ 16). The parties agree that the goods were delivered in New Jersey. (ECF No. 1 ¶ 4; Mem. of Law in Supp., ECF No. 8-1, at 7; Mem. of Law in Opp'n, ECF No. 9-1, at 9). Plaintiff alleges that it supplied the rebar Defendant ordered, but that, despite repeated requests, Defendant has failed to make payment. (ECF No. 1 ¶¶ 10–15). On November 29, 2016, Plaintiff commenced this action in this Court for breach of contract, for account stated, and seeking interest and fees under the New Jersey Prompt Payment Act. (ECF No. 1 ¶¶ 16–34).

## II.    MOTION AND LEGAL ANALYSIS

Defendant, in lieu of answering, moved under Federal Rule of Civil Procedure 12(b)(3) to dismiss the action on the basis of *forum non conveniens*.[2] (ECF No. 8). It explains that two other

---

[1] The purchase order also contains a clause requiring resolution of all disputes by arbitration (ECF No. 1, Ex. A ¶ 15), but both parties expressly confirmed their intent to waive this clause during oral argument. (Tr. of May 12, 2017 Hr'g, ECF No. 14, at 2–4).

[2] The Court notes Plaintiff's contention that Defendant's motion should be denied for being labeled as seeking dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) but actually advancing arguments as to *forum non conveniens*. (ECF No. 9-1 at 7–9). Plaintiff is correct in asserting that *forum non conveniens* does not relate to venue or Rule 12(b)(3). *See Atl.*

Hudson Lights subcontractors have filed actions against Defendant in New Jersey state courts with similar allegations of non-payment and that those actions have been consolidated for discovery and trial in the Superior Court of New Jersey, Law Division, Bergen County. (ECF No. 8-1 at 1–5; Cotton Certification, ECF No. 8-2, Ex. E). Defendant further notes that it has asserted counterclaims against the other plaintiff subcontractors as well as cross or third-party claims against Tishman, alleging that any failure to pay subcontractors resulted from the subcontractors' non-performance or from Tishman's failure to pay Defendant. (ECF No. 8-1 at 4; Cotton Certification, ECF No. 8-2, Ex. G, at 9–21, 25–46).

Defendant thus contends that this action should be dismissed and refiled before the Superior Court in Bergen County, where it could be consolidated with the pending, consolidated actions filed by the other subcontractors. (ECF No. 8-1 at 6–10). Defendant primarily argues that litigating this matter before the state court would avoid redundancy for the parties and the courts, as it would permit all claims by Hudson Lights subcontractors to be litigated together. (ECF No. 8-1 at 8–10). Defendant further asserts that a denial of its motion would create a risk of inconsistent outcomes between the federal and state actions. (ECF No. 8-1 at 9).

United States District Judge Peter G. Sheridan has previously considered and rejected the same arguments in very similar circumstances in *New Jersey Manufacturer's Insurance Co. v. Castlton Environmental Contractors, LLC* (hereinafter "*Castlton*"). Civ. A. No. 11-2123 (PGS),

---

*Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 134 S. Ct. 568, 577–80 (2013). Nevertheless, Plaintiff improperly asks the Court to exalt the form of Defendant's motion over its substance, and the Court will thus consider the arguments that Defendant presents. *Amazon Produce Network, L.L.C. v. NYK Line*, ___ F. App'x ___, 2017 WL 619942, at *2 (3d Cir. Feb. 15, 2017) ("NYK's misidentification of its motion should not carry greater weight than the substance of the arguments within it."). Despite Defendant's characterizing this motion as made under Rule 12(b)(3), the motion papers clearly seek dismissal for *forum non conveniens*, and Plaintiff has responded to it as such.

2011 WL 5825898, at *2 (D.N.J. Nov. 16, 2011). The defendant in that action also sought dismissal for *forum non conveniens*, arguing that the claims would be most conveniently litigated in state court, where related actions were already pending. *Id.* at *1, *2. Judge Sheridan rejected that argument, finding that "maximum convenience is not the standard by which *forum non conveniens* is determined." *Id.* at *2. He found no risk of inconsistent results, as "the state and federal cases involve different parties and different issues." *Id.*

This Court finds Judge Sheridan's reasoning persuasive. In arguing that litigating Plaintiff's claims in state court would be more convenient, Defendant clearly means that it would be more convenient for it, while certainly not for Plaintiff. (*See* Tr. of May 12, 2017 Hr'g, ECF No. 14 at 14). It disregards the complications and postponements that a dismissal would impose on Plaintiff, which would have to re-file its Complaint in state court, without any apparent obligation to do so in Bergen County, and then likely face delays in its action while Defendant moves to consolidate Plaintiff's claims with the non-payment actions filed against Defendant by the other Hudson Lights subcontractors. Assuming such a motion were granted, Plaintiff would be one of three plaintiffs in a consolidated action, with a variety of claims, counterclaims, cross claims, and third-party claims, which Defendant reports has been placed on a 450-day complex discovery track. (ECF No. 14, at 13–16). Plaintiff would then have to await completion of discovery and adjudication of all of these claims—many of which appear unrelated to its contract with Defendant—before having any chance of recovery under the purchase order. Consequently, it appears that any inconvenience spared Defendant by forcing this action into state court would simply be shifted to Plaintiff.

Furthermore, it does not appear that retaining the action in this Court presents any real risk of inconsistent outcomes. Defendant urges that this matter is distinguishable from *Castlton* (where

4

the state court litigation involved disparate parties and issues) because Defendant is party to both the state and federal actions and as both may involve common issues concerning the circumstances of the project. (*See* ECF No. 10 at 4–5). Defendant conceded, however, at oral argument, that the plaintiffs and the contracts directly at issue in the state action are entirely distinct from those before this Court. (ECF No. 14 at 3–4, 17–18). Accordingly, the risk for actual inconsistent results appears minimal.

It is not even completely clear that the federal doctrine of *forum non conveniens* applies when the proposed alternative forum is a state court. In *Sinochem International Co. v. Malay International Shipping Corp.*, 549 U.S. 422 (2007), the Supreme Court of the United States found that, in light of statutory transfer provisions, *forum non conveniens* applies in federal courts "only in cases where the alternative forum is abroad and *perhaps* in rare instances where a state or territorial court serves litigational convenience best." *Id.* at 430 (emphasis added) (internal quotations marks and citation omitted). As acknowledged by Defendant's counsel, cases even considering *forum non conveniens* arguments in such circumstances are few and far between. (ECF No. 14 at 20–22).

In any event, assuming the applicability of the doctrine, Defendant has seemingly disregarded the heavy burden of persuasion that it bears on a *forum non conveniens* motion. *See Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 294–95 (3d Cir. 2010); *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43–44 (3d Cir. 1988). Dismissal for *forum non conveniens* is appropriate only "'when trial in the plaintiff's chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal

problems.'" *Doe v. Ritz Carlton Hotel Co.*, 666 F. App'x 180, 182 (3d Cir. 2016) (quoting *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013)) (omissions in original)).

Deciding a *forum non conveniens* motion generally involves assessment of four factors: "'(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum . . . ; (3) relevant private interest factors affecting the convenience of the litigants; and (4) relevant public interest factors affecting the convenience of the forum.'" *Doe*, 666 F. App'x at 182 (quoting *Kisano Trade & Invest*, 737 F.3d at 873 (omission in original)). While Plaintiff concedes that the New Jersey state courts constitute an adequate alternative forum (ECF No. 14 at 23–24), the Court owes a high level of deference to Plaintiff's choice to file the action before this Court instead, *see Doe*, 666 F. App'x at 182–83; *Kisano Trade & Invest*, 737 F.3d at 873–74.[3]

As Defendant acknowledges, this deference to Plaintiff's choice of forum may be "overcome when the balance of public and private interests clearly favors an alternate forum." (ECF No. 8-1 at 7 (quoting *Chigurupati v. Daiichi Sankyo Co.*, Civ. A. No. 10-5495 (PGS), 2011 WL 3443955, at *4 (D.N.J. Aug. 8, 2011), *aff'd* 480 F. App'x 672 (3d Cir. 2012))). Nevertheless, Defendant conceded at oral argument that the bulk of the private interest factors[4] and all of the public interest factors[5] are "neutral" and provide no reason to prefer the state court over this one.

---

[3] Given a focus on actual convenience to the parties, a plaintiff's choice of a "foreign" forum is granted a lower level of deference than that of a domestic one. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 & n.23 (1981). As Plaintiff is a New Jersey citizen and its sole member resides within New Jersey, it is at home in this district. *See id.*

[4] The private interest factors include "the relative ease of access to sources of proof[,] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses[,] possibility of view of premises, if view would be appropriate to the action[,] and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also Kisano Trade & Invest*, 737 F.3d at 873.

[5] The public interest factors are "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[,] the interest in having the

(ECF No. 14 at 16–17, 19–21). Defendant thus rests its entire motion on the argument that dismissing the action and essentially requiring Plaintiff to pursue its claims in state court would avert redundancy and potential inconsistency. (ECF No. 8-1 at 9; ECF No. 14 at 17–18). As addressed above, the Court does not find these arguments compelling: any efficiency gain for Defendant would come only at a corresponding cost to Plaintiff, and the risk of inconsistency is quite minor.[6] Accordingly, Defendant fails meet its heavy burden to show that dismissal is appropriate or to overcome the deference that Plaintiff's forum choice deserves.

## III. CONCLUSION

For the reasons stated above, this Court respectfully recommends that Defendant's motion to dismiss this action under the doctrine of *forum non conveniens* be **DENIED**.

Dated: June 19, 2017

*Leda Dunn Wettre*
**Leda Dunn Wettre**
United States Magistrate Judge

Original:    Clerk of the Court
    cc:    Hon. Susan D. Wigenton, U.S.D.J.
            All Parties

---

trial of a diversity case in a forum that is at home with the law that must govern the action[,] the avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law[,] and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (internal quotation marks omitted); *see also Kisano Trade & Invest*, 737 F.3d at 873.

[6] It is not clear that the private interest factors (which encompass Defendant's arguments as to avoiding redundancy and inconsistency) should be given *any* weight in assessing this motion. The Supreme Court has found that when there is a forum selection clause a court "should not consider arguments about the parties' private interests." *Atl. Marine Constr. Co.*, 134 S. Ct. at 582. While the facts of this case are distinguishable, the underlying logic still applies, namely that by agreeing to be bound by the forum selection clause, both parties waived any argument that either court is "inconvenient *or less convenient*." *See id.* (emphasis added).